UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH G. RHODES, | ) | Case No.: 1:09 CV 2993 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| PIONEER CREDIT RECOVERY, INC., | ) | |
| | ) | |
| Defendant | ) | ORDER |

Currently pending in the above-captioned case are: (1) Defendant Pioneer Credit Recovery, Inc.'s ("Defendant" or "Pioneer") Motion for Judgment on the Pleadings as to Certain Counts of the Amended Complaint (ECF No. 15); and (2) Plaintiff Joseph G. Rhodes's ("Plaintiff" or "Rhodes") Motion for Leave to File Second Amended Complaint (ECF No. 25).

### I. MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant moves for judgment on the pleadings for Counts I, IV, V and VI of Plaintiff's Amended Complaint (ECF No. 13). Defendant argues that Count I should be dismissed because none of the alleged misconduct amounts to a violation of the Fair Debt Collection Practices Act ("FDCPA"). (Def.'s Memo. in Supp. of Mot. For Judg. on the Pleadings, ECF No. 9, at p. 15-1.) Defendant argues that Count IV should be dismissed because nothing in the letters Defendant sent to Plaintiff suggested that "any person or entity other than the creditor (United States Department of Education) and Pioneer are involved in

the collection of this account." (*Id*., p. 10.) Defendant argues that Count V should be dismissed because the FDCPA does not prohibit the collection of amounts in addition to the principal amount owed. (*Id*., at p. 11.) Finally, Defendant argues that Count VI should be dismissed because none of Plaintiff's allegations state a claim for a violation of the Fair Credit Reporting Act ("FCRA"). (*Id*., at p. 11.)

This court referred the case to Magistrate Judge Kenneth S. McHargh for preparation of a report and recommendation. On May 11, 2010, Magistrate Judge McHargh submitted a Report and Recommendation recommending that the Motion for Judgment on the Pleadings be granted (ECF No. 26).

First, the Magistrate Judge found that Count I was not time-barred. Second, he analyzed the sub-claims of Count I, namely that Defendant improperly used Plaintiff's social security number, Defendant conveyed misleading collection communication, and Defendant's letters contained threats. Magistrate Judge McHargh determined that "[t]he allegations of the amended complaint do not support a plausible claim that Section 1692g of the FDCPA was violated by the collection notices of Dec. 23, 2008, or March 24, 2009." (R&R, ECF No. 26, at p. 12.) Specifically, the Magistrate Judge determined that the language in a letter from Defendant to Plaintiff stating that Defendant would "take additional steps to collect his debt" did not constitute a threat. (*Id*., at p. 11.)

In regard to Count IV, the Magistrate Judge determined that "the allegations of the amended complaint do not support a plausible claim that Section 1692j of the FDCPA was violated by the collection notices." (R&R, at p. 13.) In fact, he categorized Count IV of the Amended Complaint as "consist[ing] of little other than a quotation of the statutory elements."

(*Id*., at p. 12.) In regard to Count V, the Magistrate Judge determined that Plaintiff did not allege that Defendant "was attempting to collect interest and other charges not 'expressly authorized by the [student loan] agreement creating the debt or permitted by law.'" (*Id*., at p. 15, citing 15 U.S.C. § 1692(f)(1).) Finally, in regard to Count VI, the Magistrate Judge found that the allegations in the Amended Complaint do not support a plausible claim that Defendant made an improper request for a consumer report for an impermissible purpose. (*Id*., at pp. 15, 18.)

Plaintiff filed his objections to the Report and Recommendation on June 8, 2010. (ECF No. 28.) The court finds that, after *de novo* review of the Report and Recommendation, Plaintiff's Objections, and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 26.) Counts I, IV, V and VI of Plaintiff's Amended Complaint are hereby dismissed.

## II. MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

### A. Background

On May 3, 2010, eight days before Magistrate Judge McHargh issued the Report and Recommendation, Plaintiff filed his Motion for Leave to File Second Amended Complaint (ECF No. 25). The Motion is unopposed.

Plaintiff explains the reasons why he seeks to amend his Complaint for a second time:

> Plaintiff seeks to Amend the Complaint to further develop and clarify the nature of defendant's pattern and practice of unreasonable conduct. Although the nature of Defendant PCR's conduct requires access to information largely in Defendant PCR's possession and somewhat unavailable to the Plaintiff until discovery, Plaintiff has recently (April 21, 2010) ascertained material details as evidence.

> In the Second Amended Complaint, Plaintiff provides this [sic] additional factual details that are the "basis for or support", the pleadings set forth in [the] Complaint. These changes in the proposed Second Amended Complaint do not alter the underlying claims plaintiff set forth in the prior Complaint, nor do they include facts that are not already known to the Defendant PCR.

(Pl.'s Memo. in Supp. of Mot. for Leave to File Sec. Am. Compl., ECF No. 25-1, at pp. 3-4.)

### B. Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court should freely give leave for a party to amend its complaint when "justice so requires." The grant or denial of a request to amend a complaint is left to the sound discretion of the trial court. *General Elec. Co. v. Sergeant & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). The trial court, in exercising its discretion, should grant such request in the absence of factors such as "undue delay, bad faith or dilatory motive on the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### C. Law and Analysis

An amendment to a complaint is futile if it would not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Foman*, 371 U.S. at 182; *Thiokol Corp. v. Dept. of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993). As decided above, Counts I, IV, V and VI of the First Amended Complaint (ECF No. 13) are dismissed. Because Plaintiff represents that, "changes in the proposed Second Amended Complaint do not alter the underlying claims plaintiff set forth in the prior Complaint," Counts I, IV, V and VI of the Second Amended Complaint must also be dismissed for failure to state a claim upon which relief can be granted. See *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)

("The standard of review applicable to a motion for judgment on the pleadings under Fed.R.Civ.Pro. 12(c) is the same *de novo* standard applicable to a motion to dismiss under Rule 12(b)(6)").

In regard to Counts II, III and VII of the Second Amended Complaint, the court finds that there is no "undue delay, bad faith or dilatory motive on the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182. In addition, as the Motion to Amend is unopposed, Defendant did not present any arguments to the court regarding any of the above considerations. Plaintiff's Motion for Leave to File the Second Amended Complaint is granted in part and denied in part (ECF No. 25). The court permits the Second Amended Complaint to be filed except for the portions alleging Counts I, IV, V and VI.

### III. CONCLUSION

For the aforementioned reasons, the court hereby grants Defendant's Motion for Judgment on the Pleadings as to Certain Counts of the Amended Complaint (ECF No. 15), and grants in part and denies in part Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 25).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 31, 2011